IN THE UNITED STATES DISTRICT COURT FOR T-HE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL McCLAIN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 09-3248-CV-S-ODS |
| ) | Crim. No. 07-03106-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION DENYING MOVANT'S MOTION
FOR POSTCONVICTION RELIEF</u>

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

I. INTRODUCTION

On June 13, 2008, this Court accepted Movant's plea of guilty to one count of conspiracy to distribute methamphetamine and one count of possession of a firearm in furtherance of the conspiracy. Movant also pled guilty to two counts of possession of a firearm by an unlawful user of a controlled substance. The plea agreement stated Movant understood that the minimum penalty on the drug conspiracy count was 10 years' imprisonment and the minimum penalty for possession of a firearm in furtherance of the drug conspiracy was no less than 5 years' imprisonment to be served consecutive to the drug conspiracy penalty. The plea agreement also stated that Movant acknowledged, understood, and agreed that by pleading guilty he waived his right to appeal or collaterally attack his convictions and that Movant expressly waived his right to challenge his sentence, either on direct appeal or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an "illegal" sentence.

On November 19, 2008, this Court sentenced Movant to a total term of 120 months' imprisonment on the drug conspiracy count and the two counts of possession of a firearm by an unlawful drug user. The Court sentenced Movant to 60 months'

imprisonment for possession of a firearm in furtherance of a drug trafficking crime to be served consecutively to the 120-month term. The controlling term of imprisonment was 180 months. Movant did not file a direct appeal.

Movant subsequently filed a timely motion for postconviction relief under 28 U.S.C. § 2255. Movant raised nine grounds for relief. Ground one alleged that his trial counsel, Darryl Brent Johnson, Jr., failed to file a direct appeal after Movant instructed him to do so. This Court appointed counsel and granted Movant an evidentiary hearing on this ground (Doc. 9). The Court held that Movant's other grounds for relief did not require a hearing or appointment of counsel.

The evidentiary hearing was held May 12, 2010. Movant testified that prior to being sentenced Johnson led him to believe that his total term could be as low as 10 years' imprisonment. Movant stated he did not realize that 180 months' imprisonment was the statutory minimum. Movant testified that at the sentencing hearing the Court discussed his appellate rights. Movant stated that during this discussion he leaned over to Johnson and whispered that he wanted to file an appeal. Johnson allegedly responded, "We'll discuss it later." Movant admitted it was possible Johnson did not hear what he said. After the hearing Movant placed between fifteen to twenty collect phone calls to Johnson within the 10-day window to file a direct appeal, but Johnson allegedly never accepted the calls and never responded to Movant's attempts. Movant never wrote Johnson nor the Court Clerk to ask that a notice of appeal be filed.

Movant's mother and stepfather testified at the hearing that Johnson spoke with them after sentencing and told them he was going to go speak with Movant in the holding cell. Johnson did not mention anything to them about an appeal. Movant's mother testified that prior to sentencing Johnson told her that 10 to 15 years' imprisonment was the sentencing range. She further testified that Movant informed her the evening of sentencing or the next day that Johnson neglected to visit him after the hearing and that Movant wanted to file an appeal. Movant asked her to contact Johnson for him. She reportedly called Johnson's office seven or eight times but was unable to speak with him. Johnson reportedly did not return her phone calls.

Johnson testified for the United States at the evidentiary hearing. Johnson did

not review his records on Movant's criminal case before testifying and could not clearly recall several details about Movant's case. Johnson could not remember whether Movant's Guidelines range was below the statutory minimum or whether he advised Movant that he could receive as low as 10 years' imprisonment. Nor could Johnson recall whether he had a conversation with Movant during the sentencing hearing or whether he told Movant he would talk to him afterward in the holding cell. However, Johnson was positive that Movant never expressed to him an intent or desire to file an appeal. Johnson stated without hesitation that if Movant wanted to file an appeal he "would have been happy to do it." Johnson also testified that he saw no need to consult with Movant about filing an appeal because the Court advised Movant of his appellate rights during the sentencing hearing. The evidentiary hearing concluded after Johnson's testimony and the parties presented their arguments.

## II. DISCUSSION

The Court will first dispose of Movant's claim that Johnson was ineffective for failing to file an appeal. The Court will then explain its reasons for denying Movant an evidentiary hearing on the eight other claims raised in the § 2255 motion.

*1. Failure to File Appeal*

> In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court confirmed that the familiar two-part test applies to claims that counsel was constitutionally ineffective in failing to file a notice of appeal. Defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Id.* at 476-77, quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Because the post-conviction relief sought is a belated appeal, the prejudice inquiry is correspondingly limited. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[;] defendant is entitled to a new appeal without showing that his appeal would likely have had merit." *Flores-Ortega*, 528 U.S. at 477 (quotation omitted).

3

*Parsons v. U.S.*, 505 F.3d 797, 798 (8th Cir. 2007).

The Court finds both Movant and Johnson credible on the question whether Movant requested to file an appeal. The Court finds that during the sentencing hearing Movant whispered to Johnson that he wanted to file an appeal. The Court further finds that Johnson did not hear or understand Movant's whisper and did not know Movant wanted to file an appeal. The Eighth Circuit confronted the same situation in *Parsons* where the defendant requested his counsel to file an appeal during sentencing and counsel did not hear the request and did not consult with the defendant afterward about filing an appeal. *See* 505 F.3d at 799. The relevant inquiry became "whether counsel's failure to consult about an appeal was ineffective assistance." *Id.*

"'[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Id.* at 798 (quoting *Flores-Ortega*, 528 U.S. at 480).

> [A] highly relevant factor in this inquiry [is] whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Flores-Ortega*, 528 U.S. at 480. Here, Movant's guilty plea reduced the scope of appealable issues to whether the sentence imposed was in excess of the statutory maximum and whether the sentence was "illegal . . . that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." Movant did not bargain for a particular sentence in the plea agreement. The agreement advised Movant that the minimum sentence he could receive was 10 years on the drug conspiracy charge and 5 years on

the firearms charge to be served consecutively to the 10-year sentence. Magistrate Judge James C. England reiterated these minimum penalties at Movant's change of plea hearing. Johnson had no reason to believe Movant rationally desired to file an appeal. There is no evidence that Movant reasonably demonstrated to counsel he was interested in filing an appeal. Johnson did not have a duty to consult with Movant about an appeal. Johnson was not ineffective for failing to file a direct appeal. Ground One in Movant's motion is denied.

*2. Denial of Evidentiary Hearing on Remaining Claims*

The Court denied Movant an evidentiary hearing on his other claims because the motion and the files and records of the case conclusively showed that he was entitled to no relief. *See* 28 U.S.C. § 2255(b). Movant's collateral attack waiver in his plea agreement is enforceable so long as the waiver was knowing and voluntary and its enforcement would not result in a miscarriage of justice. *See United States v. Snelson*, 555 F.3d 681, 685 (8th Cir. 2009); *U.S. v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003); *DeRoo v. U.S.*, 223 F.3d 919, 923-24 (8th Cir. 2000).

Movant's argument that his plea agreement was unknowing and involuntary is rejected. Movant has a Bachelor of Arts in History. The transcript of the change of plea hearing proves that Judge England determined the factual basis for the guilty pleas and determined that Movant understood the nature of the charges before pleading guilty. Judge England reviewed with Movant the terms of the plea agreement and Movant acknowledged that he understood its terms, including that he was waiving his right to collaterally attack his convictions and sentence. In exchange for his guilty pleas, the government agreed to dismiss the other counts in the indictment, thereby providing the necessary consideration.[1] Movant has provided no reason to set aside his plea agreement.

---

[1] The government neglected to dismiss Count 10, but filed a motion to dismiss this count after Movant filed his § 2255 motion. The government's motion is being granted in a separate Order.

Nor was Movant's plea the product of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 688. Movant argues Johnson should have known Movant did not possess the handgun that was the subject of the 18 U.S.C. § 924(c) enhancement (Count 31) on August 2, 2006. Movant fails to realize that the indictment charged him with possessing the gun on *July 31*, not August 2. Movant also contends that Johnson was ineffective in advising him that his conduct satisfied the "in furtherance" element of Count 31. The Court cannot possibly decide whether Johnson's advice was unreasonable because Movant never states what Johnson's advice was. Movant lastly contends Johnson was ineffective for "permitting the firearm enhancement to a dismissed count." Movant fails to realize that the predicate offense for the firearm enhancement was Count 1 (distribution conspiracy), not Count 30 (which was dismissed by the government). The plea agreement and the included collateral attack waiver are enforceable. Movant's other issues fall within the scope of the collateral attack waiver and are barred by it.

## III. CONCLUSION

Movant's conviction and sentence are not subject to collateral attack. The Court denies Movant relief on his § 2255 motion.

IT IS SO ORDERED.

DATE: May 17, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT